1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12  MARY FERGUSON and PAUL LEYDA,      NO. CIV. 2:12-2944 WBS GGH

13            Plaintiffs,
                                       MEMORANDUM AND ORDER RE:
14       v.                            MOTION TO DISMISS

15  WELLS FARGO BANK, N.A.,

16            Defendant.
    _____/

17

18                         ----oo0oo----

19            Plaintiffs Mary Ferguson and Paul Leyda filed suit

20  against defendant Wells Fargo Bank, N.A. ("Wells Fargo"), in

21  state court, bringing claims related to the ownership of the

22  deeds of trust securing two home loans.  Defendant then removed

23  the proceeding to this court on the basis of federal question

24  jurisdiction and diversity jurisdiction.  (Docket No. 1.)

25  Currently before the court is defendant's motion to dismiss the

26  Complaint in its entirety for failure to state a claim upon which

27  relief can be granted pursuant to Federal Rule of Civil Procedure

28

                                   1

1  12(b)(6).[1]  (Docket No. 5.)

2  I.   <u>Factual and Procedural Background</u>

3           In 2006, plaintiffs obtained a loan from World Savings

4  Bank, FSB ("WSB"), in the amount of $275,000.  (Notice of Removal

5  Ex. A ("Compl.") ¶¶ 8-9 (Docket No. 1).)  The loan agreement was

6  memorialized by a promissory note and secured by a Deed of Trust

7  recorded against the property located at 1450 Liveoak Court in

8  Fairfield, California ("the Liveoak property").  (<u>Id.</u>; Def.'s

9  Req. for Judicial Notice ("RJN") Ex. A (Docket No. 6).)  Also in

10  2006, plaintiffs obtained a loan from WSB in the amount of

11  $900,000.  (Compl. ¶¶ 15-16.)  The loan agreement was

12  memorialized by a promissory note and secured by a Deed of Trust

13  recorded against the property located at 1380 Wildwing Lane in

14  Vallejo, California ("the Wildwing property").[2]  (<u>Id.</u>; RJN Ex.

15  B.)  The beneficiary of both deeds of trust was WSB.  (RJN Exs.

16  A, B.)

17           Plaintiffs allege that "at some point after May 2006,

18  [they] stopped receiving mortgage statements from WSB, and

19  instead, start[ed] receiving mortgage statements from W[ells]

20  F[argo]" for both properties.  (Compl. ¶¶ 12, 18.)  Yet, they

21  claim that there was no recording of an assignment of the deed of

22

23           [1]   Because oral argument will not be of material
   assistance, the court orders this matter submitted on the briefs.
24  E.D. Cal. L.R. 230(g).

25           [2]   Defendant requests that the court take judicial notice
   the deeds of trust for the Liveoak and Wildwing properties.
26  (Def.'s Req. for Judicial Notice ("RJN") Exs. 1-2 (Docket No.
   6).)  Plaintiff does not oppose this request.  The court will
27  take judicial notice of these documents, since they are matters
   of public record whose accuracy cannot be questioned.  <u>See Lee v.</u>
28  <u>City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

1  trust for the Liveoak property.  (Id. ¶ 13).  They do not
2  likewise explicitly allege that there was no recording of an
3  assignment for the deed of trust for the Wildwing property.
4  Instead, they allege only that some time after May 2006 they
5  started receiving statements from Wells Fargo directing them to
6  make payments to Wells Fargo and that contrary to what the Truth
7  in Lending Act ("TILA") requires, neither WSB nor Wells Fargo
8  sent plaintiffs "the TILA-required notice."  (Compl. ¶ 19.)

9          Plaintiffs bring three claims.  First, they allege that
10  defendant was negligent by failing, in violation of California
11  statutes, "to record any assignment" from WSB to Wells Fargo.
12  (Id. ¶ 23.)  Second, they claim that defendant violated
13  California Business and Professions Code section 17200 by
14  engaging in unfair business practices, failing to comply with
15  California law that requires assignments to be recorded in the
16  county where the real property lies, and failing to comply with
17  the TILA requirement in 15 U.S.C. § 1641(g) that a new creditor
18  provide written notice to the borrower specifying that the
19  creditor is the new owner or assignee of the debt.  (Id. ¶¶ 29-
20  30.)  Third, they allege that defendant violated TILA § 1641(g),
21  which "required that W[ells] F[argo] inform [plaintiffs] that the
22  Deed of Trust was assigned (if it was assigned at all) by WSB to"
23  Wells Fargo.  (Id. ¶ 35.)  Plaintiffs also seek declaratory
24  judgement and ask the court to determine who owns their mortgage
25  and who, if anyone, is the assignee of WSB for the deeds of trust
26  for the Liveoak and Wildwing properties.  (Id. ¶ 21.)  Defendants
27  now move to dismiss all claims for failure to state a claim under
28  Rule 12(b)(6).

3

1   II.   Request for Judicial Notice

2         Defendant first seeks dismissal of plaintiffs' claims

3   on the ground that the ownership of the deeds of trust is the

4   same today as it was in 2006.[3]   In support, defendant submits

5   multiple documents establishing the conversion of WSB into a

6   division of Wells Fargo.  These documents include: (1) WSB's

7   Certificate of Corporate Existence, dated April 21, 2006, and

8   issued by the Office of Thrift Supervision, Department of the

9   Treasury ("OTS"), (RJN Ex. C); (2) a letter dated November 19,

10  2007, from OTS to the Vice President and Assistant General

11  Counsel of Wachovia Corporation reflecting amendment of the

12  bank's charter and bylaws to change its name from World Savings

13  Bank, FSB to Wachovia Mortgage, FSB ("Wachovia"), (id. Ex. D);

14  (3) a Secretary's Certificate for Wachovia certifying that the

15  attached Charter of Wachovia became effective on December 31,

16  2007, (id. Ex. E); (4) a November 1, 2009, letter from the

17  Comptroller of the Currency, Administrator of National Banks, to

18  the Vice President of Wells Fargo reflecting the conversion of

19  Wachovia to a national bank with the name Wells Fargo Bank

20  Southwest and its merger with Wells Fargo, effective November 1,

21  2009, (id. Ex. F); and, finally, (5) a computer printout of the

22  history of Wachovia from the Federal Deposit Insurance

23  Corporation ("FDIC") website, (id. Ex. G).

24        In general, a court may not consider items outside the

25  pleadings when deciding a motion to dismiss, but it may consider

26  _____

27        [3]   Plaintiffs clarified in their opposition that they are
    only "complain[ing] that Wells Fargo failed to record an
    assignment of the Deed of Trust, not a note."  (Opp'n at 4 n.1
28  (Docket No. 8).)

items of which it can take judicial notice without converting the
motion to dismiss into a motion for summary judgment.  United
States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  A court
may take judicial notice of facts "not subject to reasonable
dispute" because they are either "(1) generally known within the
territorial jurisdiction of the trial court or (2) capable of
accurate and ready determination by resort to sources whose
accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).
Plaintiff does not dispute the authenticity of the documents nor
the accuracy of the facts within them, but opposes defendant's
request on the ground that the court cannot take judicial notice
of the truth of the matters asserted within the documents.[4]

    Here, defendant argues that the documents are
judicially noticeable as "copies of documents reflecting official
acts of the executive branch of the United States, pursuant to
Federal Rule of Evidence 201(b)."  (RJN at 3:8-10.)  Numerous
district courts in the Ninth Circuit have taken judicial notice
of these, or similar, documents on the same ground.  See, e.g.,
Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1035

---

[4]    Plaintiffs' dispute with the documents does not appear
to be with the facts in them, but rather with the conclusions
defendant draws from the documents.  Plaintiffs misconstrue,
however, what the documents show.  Plaintiffs state that the
documents purport to show that "when World Bank was acquired by
Wachovia Bank (which later merged with Wells Fargo) that Wachovia
Bank did not acquire World Bank's assets, i.e., that World Bank
continued to own the plaintiffs' Deeds of Trusts, and therefore,
neither Wachovia nor Wells Fargo need have recorded a Deed of
Trust."  (Opp'n at 3:23-4:2.)  The documents, however, do not
evidence any acquisition of WSB by Wachovia or any other
institution.  The documents simply show that WSB changed its name
to Wachovia and then merged with Wells Fargo.  Plaintiffs' issue
with these documents thus stems from confusion over what the
documents state, not with the truth of those statements.

5

1  (N.D. Cal. 2010); <u>Wolf v. Wells Fargo Bank, N.A.</u>, Civ. No.

2  11-01337 WHA, 2011 WL 4831208, at *2 (N.D. Cal. Oct. 12, 2011);

3  <u>Hite v. Wachovia Mortgage</u>, Civ. No. 2:09-02884, 2010 U.S. Dist.

4  LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010) (Burrell, J.)

5  (taking judicial notice of Exhibits C through F above).

6       The case plaintiffs rely on to oppose defendant's

7  request explains that a court may not take judicial notice of the

8  facts in public records whose truth is disputed, such as the

9  facts in the documents a party files with the Securities Exchange

10 Commission. <u>See</u> <u>Roth v. Jennings</u>, 489 F.3d 499, 509 (2d Cir.

11 2007) (for nondisclosure or misrepresentation claim, court may

12 take judicial notice of public records not for the truth of the

13 matter asserted, but to determine, for example, whether a

14 representation was made).  The documents submitted to the court

15 by defendant do not implicate this rule because unlike the facts

16 in the documents in <u>Roth</u>, the factual assertions in these

17 documents reflect official acts of the executive branch, are

18 readily verifiable, and are not disputed.

19      The court finds that documents one through four listed

20 above are copies of documents reflecting official acts of the

21 executive branch of the United States, and that they "can be

22 accurately and readily determined from sources whose accuracy

23 cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  They

24 are therefore judicially noticeable pursuant to Rule 201(b)(2).

25 Given that plaintiffs do not dispute the documents' authenticity

26 or the facts contained within them, the court will consider them

27 for both the fact of their existence and the truth of the matter

28 asserted. <u>See</u> <u>Haque v. Wells Fargo Bank, N.A.</u>, Civ. No. 11-02366

TEH, 2011 WL 3360026, at *1 n.2 (N.D. Cal. Aug. 2, 2011) (taking judicial notice of documents establishing the history of Wold Savings Bank, FSB, for the truth of the matter they assert, despite opposing party's objections).

The court has doubts as to whether it can take judicial notice of document five, the computer printout from the FDIC website of the history of Wachovia, simply because it appears on a government website.  It does not appear to be a public record or to reflect an official act of the executive branch.  Cf. Coppes v. Wachovia Mortg. Corp., Civ. No. 2:10-01689, 2011 WL 1402878, at *2 (E.D. Cal. Apr. 13, 2011) (Burrell, J.) (taking judicial notice of same printout).  The court need not decide that question, however, because the information appearing on the website is not necessary to determine the relationship between WSB and Wells Fargo, given the documents of which the court does take judicial notice.

III. Analysis

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).  In deciding whether a plaintiff has stated a claim, the court must accept the

allegations in the complaint as true and draw all reasonable
inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416
U.S. 232, 236 (1974), overruled on other grounds by Davis v.
Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322
(1972).

        Iqbal's plausibility standard requires "more than a
sheer possibility that a defendant has acted unlawfully." Iqbal,
556 U.S. at 678.  Merely pleading facts consistent with a
defendant's liability does not convert a claim for relief from
possible to plausible.  Id.  Plaintiffs' claims all depend on an
assignment of the deeds of trust from WSB to Wells Fargo.
Plaintiffs, however, do not make any explicit allegation that
there was such an assignment.  They instead point to the
possibility of assignment, claiming, for example, that TILA
required Wells Fargo to notify plaintiffs "that the Deed of Trust
was assigned (if it was assigned at all)." (Compl. ¶ 35.)  Given
that each of plaintiffs' claims depend on an assignment of the
deeds of trust from WSB to Wells Fargo, it is difficult for the
court to find that there is even a possibility that they are
entitled to relief.

        Putting aside plaintiffs' "recitals of the elements of
[the] cause[s] of action" they bring, the only fact that they
offer to suggest that there was an assignment of the deeds of
trust at issue is that some time after 2006 plaintiffs starting
receiving mortgage statements from Wells Fargo instead of WSB.
Id. at 678.  Plaintiffs then appear to speculate from this change
that an assignment occurred.  Even if this fact alone were
sufficient to raise a plausible claim for relief without a clear

8

allegation that an assignment occurred, the judicially noticeable documents contradict plaintiffs' implied allegation that an assignment occurred.

Although allegations in a complaint are generally accepted as true, a court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). Here, the documents properly subject to judicial notice show that on or about December 31, 2007, WSB changed its name to Wachovia Mortgage, FSB. (See RJN Ex. D.) Effective November 1, 2009, Wachovia Mortgage, FSB, merged with and into Wells Fargo. (See RJN Ex. F.) Wells Fargo is thus the successor-in-interest to Wachovia, which was the successor-in-interest to WSB. This explains why plaintiffs would have stopped receiving mortgage statements from WSB and began receiving them from Wells Fargo in the absence of any assignment. Plaintiffs do not point to any requirement that deeds of trust held by a bank that undergoes such alterations in corporate form must be assigned.

Plaintiffs counter that it is impermissible for the court to make the inferential leap, based on the documents for which defendant requested judicial notice, "[t]hat when [WSB] was acquired by Wachovia Bank (which later merged with Wells Fargo) that Wachovia Bank did not acquire [WSB's] assets." (Opp'n at 4.) The court makes no such leap; it does not even need to hop. The documents show not that Wachovia acquired WSB, but simply that WSB changed its name to Wachovia Mortgage, FSB, and then merged with Wells Fargo. The documents do not provide any basis

to infer that there was ever any acquisition of WSB by Wachovia or other change in ownership of WSB that could have resulted in an assignment of the deeds of trust.  Moreover, plaintiffs made no such allegation in their Complaint.

Plaintiffs also present to the court--without any request for judicial notice--a letter from the Comptroller of the Currency, Administrator of National Banks, to the Vice President of Wachovia Corporation granting the application of Wachovia Bank of Delaware, National Association, to purchase and assume certain assets and liabilities of World Savings Bank, FSB (Texas). (Opp'n Ex. A (Docket No. 8-1).)  Defendant argues that this document says that Wachovia sought to purchase certain assets of World Savings Bank and that that statement "drives a stake through the heart of defendant's principal argument that no assignment was required."  (Opp'n at 4:7-9, 4:13-15.)  Even if this document were properly before the court, it cannot bear the importance plaintiffs' give it.  First, the parties in the letter, Wachovia Bank of Delaware, National Association, and World Savings Bank, FSB (Texas), are not parties to this litigation.  Second, plaintiffs again rely on the argument that Wachovia acquired WSB (and thus their deeds of trust may have changed ownership), but they made no such allegation in their Complaint and the documents that the court has taken judicial notice of show that WSB changed its name to Wachovia Mortgage, FSB, not that Wachovia acquired it.

Because plaintiffs have failed to allege facts amounting to a plausible claim that an assignment of their deeds of trust occurred, defendant's motion to dismiss plaintiffs'

negligence, California Business and Professions Code section
17200, and TILA claims must be granted.   Relatedly, because
plaintiffs have not pled any claims for relief, their request for
declaratory relief also fails.   See Winding v. Cal-W.
Reconveyance Corp., Civ. No. 10-0041, 2011 WL 221321, at *11
(E.D. Cal. Jan. 24, 2011) (O'Neill, J.) ("The failure of the
complaint as a whole demonstrates the absence of an actual
controversy subject to declaratory relief.   A declaratory relief
action 'brings to the present a litigable controversy, which
otherwise might only be tried in the future.'" (quoting Societe
de Conditionnement en Aluminium v. Hunter Eng. Co., 655 F.2d 938,
943 (9th Cir. 1981))).   Accordingly, defendant's motion to
dismiss plaintiffs' declaratory judgment claim must also be
dismissed.

        IT IS THEREFORE ORDERED that defendant's motion to
dismiss be, and the same hereby is, GRANTED.

        Although the court is doubtful that plaintiffs can
plead a plausible claim for relief, out an abundance of caution
they have twenty days from the date of this Order to file an
amended complaint, if they can do so consistent with this Order.
DATED:  February 7, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

11