UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARY FERGUSON and PAUL LEYDA,          NO. CIV. 2:12-2944 WBS GGH

       Plaintiffs,
                         MEMORANDUM AND ORDER RE:

    v.                               MOTION TO DISMISS

WELLS FARGO BANK, N.A.,

       Defendant.
_____/

----oo0oo----

       Plaintiffs Mary Ferguson and Paul Leyda filed suit
against defendant Wells Fargo Bank, N.A. ("Wells Fargo"), in
state court, bringing claims related to the ownership of the
deeds of trust securing two home loans.  Defendant then removed
the proceeding to this court on the basis of federal question
jurisdiction and diversity jurisdiction.  (Docket No. 1.)
Currently before the court is defendant's motion to dismiss the
Complaint in its entirety for failure to state a claim upon which
relief can be granted pursuant to Federal Rule of Civil Procedure

1

1  12(b)(6).[1]  (Docket No. 5.)

2  I.   Factual and Procedural Background

3           In 2006, plaintiffs obtained a loan from World Savings

4  Bank, FSB ("WSB"), in the amount of $275,000.  (Notice of Removal

5  Ex. A ("Compl.") ¶¶ 8-9 (Docket No. 1).)  The loan agreement was

6  memorialized by a promissory note and secured by a Deed of Trust

7  recorded against the property located at 1450 Liveoak Court in

8  Fairfield, California ("the Liveoak property").  (Id.; Def.'s

9  Req. for Judicial Notice ("RJN") Ex. A (Docket No. 6).)  Also in

10  2006, plaintiffs obtained a loan from WSB in the amount of

11  $900,000.  (Compl. ¶¶ 15-16.)  The loan agreement was

12  memorialized by a promissory note and secured by a Deed of Trust

13  recorded against the property located at 1380 Wildwing Lane in

14  Vallejo, California ("the Wildwing property").[2]  (Id.; RJN Ex.

15  B.)  The beneficiary of both deeds of trust was WSB.  (RJN Exs.

16  A, B.)

17           Plaintiffs allege that "at some point after May 2006,

18  [they] stopped receiving mortgage statements from WSB, and

19  instead, start[ed] receiving mortgage statements from W[ells]

20  F[argo]" for both properties.  (Compl. ¶¶ 12, 18.)  Yet, they

21  claim that there was no recording of an assignment of the deed of

22

23       [1]    Because oral argument will not be of material
24  assistance, the court orders this matter submitted on the briefs.
    E.D. Cal. L.R. 230(g).

25       [2]    Defendant requests that the court take judicial notice
26  the deeds of trust for the Liveoak and Wildwing properties.
    (Def.'s Req. for Judicial Notice ("RJN") Exs. 1-2 (Docket No.
    6).)  Plaintiff does not oppose this request.  The court will
27  take judicial notice of these documents, since they are matters
    of public record whose accuracy cannot be questioned.  See Lee v.
28  City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

2

1   trust for the Liveoak property.  (Id. ¶ 13).  They do not

2   likewise explicitly allege that there was no recording of an

3   assignment for the deed of trust for the Wildwing property.

4   Instead, they allege only that some time after May 2006 they

5   started receiving statements from Wells Fargo directing them to

6   make payments to Wells Fargo and that contrary to what the Truth

7   in Lending Act ("TILA") requires, neither WSB nor Wells Fargo

8   sent plaintiffs "the TILA-required notice."  (Compl. ¶ 19.)

9           Plaintiffs bring three claims.  First, they allege that

10  defendant was negligent by failing, in violation of California

11  statutes, "to record any assignment" from WSB to Wells Fargo.

12  (Id. ¶ 23.)  Second, they claim that defendant violated

13  California Business and Professions Code section 17200 by

14  engaging in unfair business practices, failing to comply with

15  California law that requires assignments to be recorded in the

16  county where the real property lies, and failing to comply with

17  the TILA requirement in 15 U.S.C. § 1641(g) that a new creditor

18  provide written notice to the borrower specifying that the

19  creditor is the new owner or assignee of the debt.  (Id. ¶¶ 29-

20  30.)  Third, they allege that defendant violated TILA § 1641(g),

21  which "required that W[ells] F[argo] inform [plaintiffs] that the

22  Deed of Trust was assigned (if it was assigned at all) by WSB to"

23  Wells Fargo.  (Id. ¶ 35.)  Plaintiffs also seek declaratory

24  judgement and ask the court to determine who owns their mortgage

25  and who, if anyone, is the assignee of WSB for the deeds of trust

26  for the Liveoak and Wildwing properties.  (Id. ¶ 21.)  Defendants

27  now move to dismiss all claims for failure to state a claim under

28  Rule 12(b)(6).

3

1    II.   Request for Judicial Notice

2          Defendant first seeks dismissal of plaintiffs' claims

3    on the ground that the ownership of the deeds of trust is the

4    same today as it was in 2006.[3]  In support, defendant submits

5    multiple documents establishing the conversion of WSB into a

6    division of Wells Fargo.  These documents include: (1) WSB's

7    Certificate of Corporate Existence, dated April 21, 2006, and

8    issued by the Office of Thrift Supervision, Department of the

9    Treasury ("OTS"), (RJN Ex. C); (2) a letter dated November 19,

10   2007, from OTS to the Vice President and Assistant General

11   Counsel of Wachovia Corporation reflecting amendment of the

12   bank's charter and bylaws to change its name from World Savings

13   Bank, FSB to Wachovia Mortgage, FSB ("Wachovia"), (id. Ex. D);

14   (3) a Secretary's Certificate for Wachovia certifying that the

15   attached Charter of Wachovia became effective on December 31,

16   2007, (id. Ex. E); (4) a November 1, 2009, letter from the

17   Comptroller of the Currency, Administrator of National Banks, to

18   the Vice President of Wells Fargo reflecting the conversion of

19   Wachovia to a national bank with the name Wells Fargo Bank

20   Southwest and its merger with Wells Fargo, effective November 1,

21   2009, (id. Ex. F); and, finally, (5) a computer printout of the

22   history of Wachovia from the Federal Deposit Insurance

23   Corporation ("FDIC") website, (id. Ex. G).

24          In general, a court may not consider items outside the

25   pleadings when deciding a motion to dismiss, but it may consider

26   ─────────────

27         [3]    Plaintiffs clarified in their opposition that they are
     only "complain[ing] that Wells Fargo failed to record an
28   assignment of the Deed of Trust, not a note."  (Opp'n at 4 n.1
     (Docket No. 8).)

                                    4

1 items of which it can take judicial notice without converting the

2 motion to dismiss into a motion for summary judgment.  <u>United</u>

3 <u>States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003).  A court

4 may take judicial notice of facts "not subject to reasonable

5 dispute" because they are either "(1) generally known within the

6 territorial jurisdiction of the trial court or (2) capable of

7 accurate and ready determination by resort to sources whose

8 accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

9 Plaintiff does not dispute the authenticity of the documents nor

10 the accuracy of the facts within them, but opposes defendant's

11 request on the ground that the court cannot take judicial notice

12 of the truth of the matters asserted within the documents.[4]

13        Here, defendant argues that the documents are

14 judicially noticeable as "copies of documents reflecting official

15 acts of the executive branch of the United States, pursuant to

16 Federal Rule of Evidence 201(b)."  (RJN at 3:8-10.)  Numerous

17 district courts in the Ninth Circuit have taken judicial notice

18 of these, or similar, documents on the same ground.  <u>See, e.g.</u>,

19 <u>Nguyen v. Wells Fargo Bank, N.A.</u>, 749 F. Supp. 2d 1022, 1035

20

21        [4]   Plaintiffs' dispute with the documents does not appear
   to be with the facts in them, but rather with the conclusions
22 defendant draws from the documents.  Plaintiffs misconstrue,
   however, what the documents show.  Plaintiffs state that the
23 documents purport to show that "when World Bank was acquired by
   Wachovia Bank (which later merged with Wells Fargo) that Wachovia
24 Bank did not acquire World Bank's assets, <u>i.e.</u>, that World Bank
   continued to own the plaintiffs' Deeds of Trusts, and therefore,
25 neither Wachovia nor Wells Fargo need have recorded a Deed of
   Trust."  (Opp'n at 3:23-4:2.)  The documents, however, do not
26 evidence any acquisition of WSB by Wachovia or any other
   institution.  The documents simply show that WSB changed its name
27 to Wachovia and then merged with Wells Fargo.  Plaintiffs' issue
   with these documents thus stems from confusion over what the
28 documents state, not with the truth of those statements.

1   (N.D. Cal. 2010); <u>Wolf v. Wells Fargo Bank, N.A.</u>, Civ. No.

2   11-01337 WHA, 2011 WL 4831208, at *2 (N.D. Cal. Oct. 12, 2011);

3   <u>Hite v. Wachovia Mortgage</u>, Civ. No. 2:09-02884, 2010 U.S. Dist.

4   LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010) (Burrell, J.)

5   (taking judicial notice of Exhibits C through F above).

6         The case plaintiffs rely on to oppose defendant's

7   request explains that a court may not take judicial notice of the

8   facts in public records whose truth is disputed, such as the

9   facts in the documents a party files with the Securities Exchange

10  Commission.  <u>See</u> <u>Roth v. Jennings</u>, 489 F.3d 499, 509 (2d Cir.

11  2007) (for nondisclosure or misrepresentation claim, court may

12  take judicial notice of public records not for the truth of the

13  matter asserted, but to determine, for example, whether a

14  representation was made).  The documents submitted to the court

15  by defendant do not implicate this rule because unlike the facts

16  in the documents in <u>Roth</u>, the factual assertions in these

17  documents reflect official acts of the executive branch, are

18  readily verifiable, and are not disputed.

19        The court finds that documents one through four listed

20  above are copies of documents reflecting official acts of the

21  executive branch of the United States, and that they "can be

22  accurately and readily determined from sources whose accuracy

23  cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  They

24  are therefore judicially noticeable pursuant to Rule 201(b)(2).

25  Given that plaintiffs do not dispute the documents' authenticity

26  or the facts contained within them, the court will consider them

27  for both the fact of their existence and the truth of the matter

28  asserted.  <u>See</u> <u>Haque v. Wells Fargo Bank, N.A.</u>, Civ. No. 11-02366

6

1 TEH, 2011 WL 3360026, at *1 n.2 (N.D. Cal. Aug. 2, 2011) (taking

2 judicial notice of documents establishing the history of Wold

3 Savings Bank, FSB, for the truth of the matter they assert,

4 despite opposing party's objections).

5       The court has doubts as to whether it can take judicial

6 notice of document five, the computer printout from the FDIC

7 website of the history of Wachovia, simply because it appears on

8 a government website.  It does not appear to be a public record

9 or to reflect an official act of the executive branch.  Cf.

10 Coppes v. Wachovia Mortg. Corp., Civ. No. 2:10-01689, 2011 WL

11 1402878, at *2 (E.D. Cal. Apr. 13, 2011) (Burrell, J.) (taking

12 judicial notice of same printout).  The court need not decide

13 that question, however, because the information appearing on the

14 website is not necessary to determine the relationship between

15 WSB and Wells Fargo, given the documents of which the court does

16 take judicial notice.

17 III. Analysis

18       To survive a motion to dismiss, a plaintiff must plead

19 "only enough facts to state a claim to relief that is plausible

20 on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

21 (2007).  This "plausibility standard," however, "asks for more

22 than a sheer possibility that a defendant has acted unlawfully,"

23 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and "[w]here a

24 complaint pleads facts that are 'merely consistent with' a

25 defendant's liability, it 'stops short of the line between

26 possibility and plausibility of entitlement to relief.'" Id.

27 (quoting Twombly, 550 U.S. at 557).  In deciding whether a

28 plaintiff has stated a claim, the court must accept the

allegations in the complaint as true and draw all reasonable
inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416
U.S. 232, 236 (1974), overruled on other grounds by Davis v.
Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322
(1972).

        Iqbal's plausibility standard requires "more than a
sheer possibility that a defendant has acted unlawfully."  Iqbal,
556 U.S. at 678.  Merely pleading facts consistent with a
defendant's liability does not convert a claim for relief from
possible to plausible.  Id.  Plaintiffs' claims all depend on an
assignment of the deeds of trust from WSB to Wells Fargo.
Plaintiffs, however, do not make any explicit allegation that
there was such an assignment.  They instead point to the
possibility of assignment, claiming, for example, that TILA
required Wells Fargo to notify plaintiffs "that the Deed of Trust
was assigned (if it was assigned at all)."  (Compl. ¶ 35.)  Given
that each of plaintiffs' claims depend on an assignment of the
deeds of trust from WSB to Wells Fargo, it is difficult for the
court to find that there is even a possibility that they are
entitled to relief.

        Putting aside plaintiffs' "recitals of the elements of
[the] cause[s] of action" they bring, the only fact that they
offer to suggest that there was an assignment of the deeds of
trust at issue is that some time after 2006 plaintiffs starting
receiving mortgage statements from Wells Fargo instead of WSB.
Id. at 678.  Plaintiffs then appear to speculate from this change
that an assignment occurred.  Even if this fact alone were
sufficient to raise a plausible claim for relief without a clear

8

allegation that an assignment occurred, the judicially noticeable documents contradict plaintiffs' implied allegation that an assignment occurred.

Although allegations in a complaint are generally accepted as true, a court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).  Here, the documents properly subject to judicial notice show that on or about December 31, 2007, WSB changed its name to Wachovia Mortgage, FSB.  (See RJN Ex. D.)  Effective November 1, 2009, Wachovia Mortgage, FSB, merged with and into Wells Fargo.  (See RJN Ex. F.)  Wells Fargo is thus the successor-in-interest to Wachovia, which was the successor-in-interest to WSB.  This explains why plaintiffs would have stopped receiving mortgage statements from WSB and began receiving them from Wells Fargo in the absence of any assignment.  Plaintiffs do not point to any requirement that deeds of trust held by a bank that undergoes such alterations in corporate form must be assigned.

Plaintiffs counter that it is impermissible for the court to make the inferential leap, based on the documents for which defendant requested judicial notice, "[t]hat when [WSB] was acquired by Wachovia Bank (which later merged with Wells Fargo) that Wachovia Bank did not acquire [WSB's] assets."  (Opp'n at 4.)  The court makes no such leap; it does not even need to hop. The documents show not that Wachovia acquired WSB, but simply that WSB changed its name to Wachovia Mortgage, FSB, and then merged with Wells Fargo.  The documents do not provide any basis

9

to infer that there was ever any acquisition of WSB by Wachovia
or other change in ownership of WSB that could have resulted in
an assignment of the deeds of trust.  Moreover, plaintiffs made
no such allegation in their Complaint.

Plaintiffs also present to the court--without any
request for judicial notice--a letter from the Comptroller of the
Currency, Administrator of National Banks, to the Vice President
of Wachovia Corporation granting the application of Wachovia Bank
of Delaware, National Association, to purchase and assume certain
assets and liabilities of World Savings Bank, FSB (Texas).
(Opp'n Ex. A (Docket No. 8-1).)  Defendant argues that this
document says that Wachovia sought to purchase certain assets of
World Savings Bank and that that statement "drives a stake
through the heart of defendant's principal argument that no
assignment was required."  (Opp'n at 4:7-9, 4:13-15.)  Even if
this document were properly before the court, it cannot bear the
importance plaintiffs' give it.  First, the parties in the
letter, Wachovia Bank of Delaware, National Association, and
World Savings Bank, FSB (Texas), are not parties to this
litigation.  Second, plaintiffs again rely on the argument that
Wachovia acquired WSB (and thus their deeds of trust may have
changed ownership), but they made no such allegation in their
Complaint and the documents that the court has taken judicial
notice of show that WSB changed its name to Wachovia Mortgage,
FSB, not that Wachovia acquired it.

Because plaintiffs have failed to allege facts
amounting to a plausible claim that an assignment of their deeds
of trust occurred, defendant's motion to dismiss plaintiffs'

1    negligence, California Business and Professions Code section

2    17200, and TILA claims must be granted.   Relatedly, because

3    plaintiffs have not pled any claims for relief, their request for

4    declaratory relief also fails.   See Winding v. Cal-W.

5    Reconveyance Corp., Civ. No. 10-0041, 2011 WL 221321, at *11

6    (E.D. Cal. Jan. 24, 2011) (O'Neill, J.) ("The failure of the

7    complaint as a whole demonstrates the absence of an actual

8    controversy subject to declaratory relief.   A declaratory relief

9    action 'brings to the present a litigable controversy, which

10   otherwise might only be tried in the future.'" (quoting Societe

11   de Conditionnement en Aluminium v. Hunter Eng. Co., 655 F.2d 938,

12   943 (9th Cir. 1981))).   Accordingly, defendant's motion to

13   dismiss plaintiffs' declaratory judgment claim must also be

14   dismissed.

15           IT IS THEREFORE ORDERED that defendant's motion to

16   dismiss be, and the same hereby is, GRANTED.

17           Although the court is doubtful that plaintiffs can

18   plead a plausible claim for relief, out an abundance of caution

19   they have twenty days from the date of this Order to file an

20   amended complaint, if they can do so consistent with this Order.

21   DATED:  February 7, 2013

22

23   _____

     WILLIAM B. SHUBB

24   UNITED STATES DISTRICT JUDGE

25

26

27

28

                                11